IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK ANTHONY RILEY, | Civil Action No. 05-3617 (JBS) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| MICHAEL CHERTOFF, et al., | |
| Respondents. | |

SIMANDLE, District Judge:

  This Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed on behalf of Petitioner Mark Anthony Riley, who contests a detainer imposed upon him by the Department of Homeland Security. Petitioner asserts that the detainer, which would lead to deportation proceedings, is improper because he claims United States citizenship derivative from his mother. Mr. Riley is currently confined at FCI Fort Dix.

  The Respondent, The Secretary of Homeland Security, answered the Petition on September 15, 2005, claiming that the matter should be dismissed for lack of subject matter jurisdiction under the REAL ID Act of 2005, Pub. L. 109-13 ["The Act"], codified at 8 U.S.C. § 1252(b)(9) and 1252(g). The government argues that Riley's assertions that he has acquired derivative citizenship status through his mother, and that consequently there is no basis for the issuance of an immigration detainer against him,

cannot be the subjects of any determination in this habeas corpus proceeding.  The government further argues that Petitioner Riley is attempting to obtain a premature judicial factual determination of his derivative citizenship claim, while the law confines him to raising this matter in the eventual removal proceeding as the exclusive means for determining whether he is deportable, citing 8 U.S.C. § 1229(a)(3).  Respondent's Answer at 6-7.

The review of such a determination lies exclusively in the appropriate United States Court of Appeals upon entry of a final removal order.  8 U.S.C. §§ 1252(a)(2)(C) and (D).  Petitioner Riley is an individual who has committed a criminal offense covered in §§ 1227(a)(2)(A)(iii) and (B), namely, his conviction in the United States District Court for the Eastern District of Virginia for conspiracy to distribute and possess with intent to distribute cocaine and cocaine-base.  Respondent's Answer at 3. His current projected release date is August 14, 2008.  (id, and Exhibits 2 and 3).  Petitioner's counsel has filed no traverse to the Respondent's Answer, and the matter is ripe for decision.

It has become clear that the REAL ID Act precludes district court jurisdiction in a petition challenging a final order of removal after denial of a derivative citizenship claim.  Jordon v. Attorney General of U.S., 424 F.3d 320, 326-327 (3d Cir. 2005).  In Jordon, the Court of Appeals vacated the decision of

the District Court which had adjudicated a petition for writ of habeas corpus challenging a final order of removal on grounds of derivative citizenship. Id. at 327.

In the present case, in which the immigration detainer exists but has not been the product of administrative hearings, let alone a final order, this Petition is premature. Even if the REAL ID Act did not place a cloud over the district court's jurisdiction, it is clear under Section 1252(d)(1) that a court may review a final order of removal only if the alien has exhausted all administrative remedies available to him as of right. See also Duvall v. Elwood, 336 F.3d 228, 230 (3d Cir. 2003). In that case, the Court of Appeals held that where the petitioner had failed to obtain a final order of removal, the matter of removability was not jurisdictionally capable of review in the district court and complete exhaustion of the removal procedure remedy was found to be an unavoidable statutory prerequisite to habeas review. Duvall, 336 F.3d at 232-33. Accordingly, the Third Circuit has held that a petitioner seeking to obtain judicial review of his nationality status, prior to a final removal order being entered, "cannot even bring such a petition under today's law." Asemani v. Attorney General of the United States, 2005 W.L. 1712384, *3n.2 (3d Cir. July 22, 2005) (not precedential).

It is therefore apparent that Riley may not judicially challenge the prospect of his deportability prior to the entry of a final order of removal in the Immigration Court.  At that time, he may then do so only upon application to the Court of Appeals which has exclusive jurisdiction to review such an order.

For all of these reasons, this Court finds that it has no jurisdiction to entertain Riley's petition.  If Riley were presently seeking judicial review of a final order of deportation, such that he had improperly filed this case in the district court when it should have been raised in a petition for review before the Court of Appeals, then this court could transfer this petition to the Court of Appeals under Section 106(c) of the REAL ID Act.  That Section provides for transfer to "the court of appeals for the circuit in which a petition for review could have been properly filed under Section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252), as amended by this section...."  Such a transfer is not warranted here.  The Petition is, at best, premature and there is no final reviewable order for the Court of Appeals to review.  In other words, the Third Circuit is not presently the circuit in which Riley could file a proper petition for review, because Riley has no final order of removal, so this Court shall not transfer the case to the appellate court.  Secondly, the Petitioner will have an

4

opportunity for court of appeals review in due course, if a final deportation order is entered by the Immigration Court.

Accordingly, the present Petition under Section 2241 must be dismissed, without prejudice to Petitioner's right to pursue his administrative remedies and, if unsuccessful, to file a petition in the appropriate Court of Appeals challenging any final order.

The accompanying Order is entered.


**March 6, 2006**           **s/ Jerome B. Simandle**
Date                        Jerome B. Simandle
                            United States District Judge